```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                     SOUTHERN DIVISION at LONDON
```

POLLY SIZEMORE,                 )
                                )
    Plaintiff,                  )
                                ) Civil Action No. 07-380-JMH
                                )
v.                              )
                                )
MICHAEL J. ASTRUE, COMMISSIONER )   **MEMORANDUM OPINION AND ORDER**
OF SOCIAL SECURITY,             )
                                )
    Defendant.                  )
                                )
                                )

                    **      **      **      **      **

This matter is before the Court on cross motions for summary judgment filed by the Plaintiff, Polly Sizemore ("Sizemore"), and the Defendant, the Commissioner of Social Security ("Commissioner"). [Record Nos. 6 and 7].[1] Sizemore brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to challenge a final decision of the Commissioner, which denied her application for Disability Insurance Benefits. [Record No. 1]. Sizemore asserts that the decision of the Commissioner is not supported by substantial evidence. Specifically, Sizemore argues that the Administrative Law Judge ("ALJ") erred by failing to give the appropriate weight to her treating physician's opinion. The Court having reviewed the record and for the reasons set forth herein,

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

will grant Sizemore's Motion for Summary Judgment [Record No. 6] and deny the Motion for Summary Judgment filed by the Commissioner. [Record No. 7].

**I. OVERVIEW OF THE ALJ HEARING**

In determining whether a claimant is disabled or not, the ALJ conducts the following five-step analysis:

> 1.) Is the individual engaging in substantial gainful activity? If the individual is engaging in substantial gainful activity, the individual is not disabled, regardless of the claimant's medical condition.
>
> 2.) Does the individual have a severe impairment? If not, the individual is not disabled. If so, proceed to step 3.
>
> 3.) Does the individual's impairment(s) meet or equal the severity of an impairment listed in appendix 1, subpart P of part 404 of the Social Security Regulations? If so, the individual is disabled. If not, proceed to step 4.
>
> 4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity? If not, the individual is not disabled. If so, proceed to step 5.
>
> 5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience? If so, the individual is disabled. If not, the individual is not disabled.

*Heston v. Comm'r of Social Security,* 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary."

2

*Preslar v. Sec'y of Health and Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**II. THE ADMINISTRATIVE DECISION**

Sizemore filed an application for Disability Insurance Benefits on August 2, 2004. (TR 47-48). At the time of the ALJ's decision, Sizemore was 56 years old, had a high school education and past work as an employment interviewer. (TR 58, 61, 63). In her application, Sizemore claimed that she became disabled on July 30, 2004, due to arthritis in her spine and legs, and high blood pressure. (TR 57-58). Her application was denied initially and upon reconsideration. (TR 31, 32). Sizemore subsequently requested a hearing before an ALJ, which was conducted on February 7, 2006. (TR 247).

The ALJ issued his decision denying Sizemore's application for benefits on May 25, 2006. (TR 14-21). Applying the five-step analysis, the ALJ concluded at steps one and two that Sizemore was not engaged in any gainful activity, and that she had severe impairments of status post total left knee arthroplasty, moderate degenerative disk disease at L4/L5 and L5/S1, small focal disk herniation at L5/S1, bulging disk at L3/L4, spondylolisthesis, spondylosis, and obesity. (TR 18, Findings Nos. 2, 3). However, under step three, the ALJ found that these impairments were not severe enough to meet or medically equal one of the listed impairments in Appendix 1 to Subpart P of the regulations. (TR 19,

Finding No. 4). At the fourth step, the ALJ concluded that Sizemore retained the residual functional capacity ("RFC") to perform a significant range of sedentary work including her past relevant work. (TR 19, 20, Finding Nos. 5, 6). In discussing her RFC, the ALJ wrote: "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools; walking or standing no more than 2 hours in an 8 hour work day; and sitting for no more than 6 hours in an 8 hour work day. She could occasionally climb stairs and ramps and occasionally stoop, kneel, and crouch. She could never climb ladders or ropes, and she should avoid vibratory tools and equipment." (TR 19).

The Appeals Council denied Sizemore's request for review on October 13, 2007, and the ALJ's opinion became the final decision of the Commissioner. (TR 8-11). Sizemore then sought judicial review of the ALJ's decision in this Court. This case is now ripe for review.

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by

substantial evidence, *see* 42 U.S.C. §405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching her conclusion. *See Landsaw v. Sec'y of Health and Human Servs.* 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**IV. ANALYSIS**

Sizemore's argument on appeal is that her treating physician's opinion should have been given greater weight. Sizemore's treating physician is Dr. Mukut Sharma.[2] The medical record reviewed by the ALJ contained a number of reports from Dr. Sharma. After discussing these reports, the ALJ stated: "As for the opinion evidence, Dr. Sharma opined that the claimant could not sustain regular or continuing work.[3] However, the Administrative Law Judge

---

[2] Dr. Sharma began treating Sizemore in April 2004. Since that time he has treated her on numerous occasions for a number of different health issues. This amount of treatment is sufficient to constitute "an ongoing treatment relationship with the claimant." *See* 20 C.F.R. § 404.1502 (2006). The Commissioner does not appear to dispute that Dr. Sharma should be accorded treating-source status.

[3] Despite the ALJ statements to the contrary, the Court can find nowhere in the record where Dr. Sharma opined that Sizemore could not sustain regular and continuing work. The Court assumes that the ALJ was referring to the RFC form Dr. Sharma completed. In the RFC form, Dr. Sharma indicated that Sizemore's experience of pain was severe enough that it would constantly interfere with her attention and concentration. At

gives little to no weight to Dr. Sharma's opinion. It is refuted by the other medical evidence in the file and by claimant's own testimony." (TR 20).

Social Security Regulation 20 C.F.R. § 404.1527(d)(2) (2006) provides a framework for the evaluation of opinion evidence. With regard to treating source opinion evidence, the Regulation provides:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(I) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give *good reasons*

---

the administrative hearing, when given a hypothetical which included the restrictions opined by Dr. Sharma, the vocational expert testified that the inability to concentrate and perform tasks would preclude Sizemore from all competitive employment. So while Dr. Sharma did not explicitly state that Sizemore could not work or sustain employment, the RFC form he completed effectively precluded Sizemore from working.

6

>     in our notice of determination or decision for
>     the weight we give your treating source's
>     opinion.

20 C.F.R. § 404.1527(d)(2)(emphasis added). Thus, although the opinion of a treating source is not necessarily binding, an ALJ is required to set forth some basis for the decision to reject a treating source opinion. *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987); *see also Hickey-Haynes v. Barnhart*, 116 Fed.Appx. 718, 725 (6th Cir. 2004)(noting that in cases where the treating physician rule applies, a reviewing court must evaluate whether the ALJ gave good reasons for his decision not to give controlling weight to a treating source opinion, as required by the governing Regulation).

In this case, the ALJ failed to provide good reasons for rejecting the opinion of Dr. Sharma. While stating that Dr. Sharma's opinion was refuted by the other medical evidence in the file, the ALJ failed to point to any specific evidence in the record which undermines Dr. Sharma's opinion. The file relied upon by the ALJ contains the medical records of Dr. Sharma and two non-examining state agency physicians. However, the non-examining physicians' opinions cannot be used to support the ALJ's decision for a number of reasons. First, the ALJ did not rely on those opinions to discount the conclusion of Dr. Sharma. Specifically, the ALJ stated that: "[I] also considered the administrative findings of fact made by the State agency medical physicians who

7

determined the claimant could perform light work. However, considering the total evidence, the undersigned finds that the claimant is more limited than originally thought." (TR 20). Second, these two physicians did not examine Sizemore. The Sixth Circuit Court of Appeals has stated that "the opinion of a nonexamining physician is entitled to little weight if it is contrary to the opinion of the claimant's treating physician." *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987)(internal quotation marks and citation omitted). Lastly, the state agency physicians' reports are dated November 2004 and February 2005, whereas Dr. Sharma's RFC was completed in January 2006, following an MRI of Sizemore's lumber spine which revealed small focal disc herniation at the L5-S1 lateralizing toward the left, Grade 1 spondylolisthesis of L5 or S1, spondylosis of L5, and a disc bulge at L3-L4. (TR 231). No doctor, besides Dr. Sharma, reviewed Sizemore's records following the MRI. It appears as if the ALJ relied on his own interpretation of the medical evidence. However, the ALJ's own view of the medical evidence does not constitute substantial evidence sufficient to overcome the deference owed the opinion of Dr. Sharma. *See Martin v. Comm'r of Soc. Sec.*, 61 Fed. Appx. 191, 199 (6th Cir. 2003). In his decision, the ALJ should have clearly articulated what evidence in the file refuted Dr. Sharma's opinion.

8

The ALJ also discounted Dr. Sharma's testimony because it was contradicted by Sizemore's testimony as to her daily activities. The ALJ stated: "she testified to a wide range of daily activities. She goes shopping once a week and can walk in Wal-Mart for 20 to 30 minutes. She is able to cook, clean, mop and do laundry; and she is able to concentrate to 'read a lot'." What the ALJ neglected to mention is that at her administrative hearing, Sizemore stated that she:

> worked 33 years and would have worked longer if her health had permitted, that she has trouble staying awake including when she was at work, that she can't walk, stand, or sit for extended periods of time due to pain, that she does not visit friends because she cannot climb stairs, when shopping for groceries she has to take her time and rest on benches, and that her present level of pain would interfere with her ability to concentrate on her files.

(TR 248-265). Sizemore's ability to engage in intermittent activities of relatively short duration does not constitute a good reason to reject Dr. Sharma's opinion.

Since the primary basis for declining to uphold the Commissioner's decision is the Commissioner's failure to articulate an adequate basis for rejecting Dr. Sharma's opinion, this case shall be remanded to the Social Security Administration for further consideration. If the ALJ chooses not to accord controlling deference to Dr. Sharma's opinion, he is ordered to provide a detailed rationale for his decision that is consistent with the requirements of 20 C.F.R. § 404.1527(d).

**V. CONCLUSION**

Accordingly, for the reasons stated above, **IT IS ORDERED**:

(1) That Plaintiff's Motion for Summary Judgment [Record No. 6] be, and hereby is, **GRANTED**;

(2) That the Commissioner's Motion for Summary Judgment [Record No. 7] be, and the same hereby is, **DENIED**; and

(3) That this case is ordered **REMANDED** to the Social Security Administration for further proceedings consistent with this opinion.

This the 10th day of July, 2008.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge